IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.   3:11-CR-00162-03

JWAN D. BROWN

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Mr. Brown's Letter-Form Motion for Compassionate Release. ECF No. 160. He cites to health and safety concerns due to COVID-19, the loss of several family members, and the health of his father to support his Motion.

**DISCUSSION**

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. See 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018). During the COVID-19 pandemic, courts have recognized that compassionate release is

appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that she will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

This Court is sympathetic to the family losses Mr. Brown has suffered and to his concerns about his father's health. The Court also understands Mr. Brown's concerns about COVID-19.[1] However, the Court has no authority to reduce Mr. Brown's sentence where—as here—he has not demonstrated that he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or that thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The Court accordingly **DENIES** the Motion. ECF No. 160.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, Defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

        ENTER:    April 26, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that 263 staff members and 1,502 inmates have received COVID-19 vaccinations at Edgefield FCI. *COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (last visited Apr. 25, 2022). The facility is operating at a Modified Level One, indicating minimal modifications. *Id.* This operational level is based on the facility's medical isolation rate, combined percentage of staff and inmate completed vaccination series, and the county transmission rates. *Id.* Additionally, there are no inmates nor staff currently infected. *Id.*